# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>JOHN LEO BUTTS<br><br>Debtor. | Chapter 13<br>Case No. 10-40538-MSH |

**MEMORANDUM OF DECISION AND ORDER ON DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL**

This matter came before me for hearing on the Debtor's Application to Employ Special Counsel [#52] and the Limited Opposition of Home Loan Investment Bank, FSB [#53]. The Debtor who is represented by Attorney Paul A. LaRoche as bankruptcy counsel seeks to employ Attorney Walter Oney as special counsel for the purpose of investigating potential claims the Debtor may have against Deutsche Bank, holder of a second mortgage on the Debtor's property, and if appropriate, representing the Debtor in prosecuting such claims. Home Loan Investment Bank, FSB ("Home Loan"), the servicing agent for Deutsche Bank, objects on the grounds that potential claims are likely time-barred and that there is no authority for a Chapter 13 debtor to employ special counsel.

As to the first basis for its objection, suffice it to say that Home Loan's opinion of the viability of the Debtor's claims against Deutsche Bank is of no relevance to the right of the Debtor to engage legal representation to evaluate and, if appropriate, prosecute those claims. In support of its second argument, Home Loan relies upon, *In re Allen*, 2006 WL2912534 (Bankr. D. Mass. October 10, 2006), in which Judge Hillman denied a Chapter 13 debtor's motion to employ a "mortgage finance analyst, recovery specialist, truth in lending expert" pursuant to 11

U.S.C. § 327(a) because § 327(a) permits a *trustee*, not a Chapter 13 debtor, to retain professional persons. *Allen* is distinguishable from the instant case, however. First, both the Debtor and Home Loan acknowledge that the application is not brought pursuant to § 327(a) nor could it be as that section is inapplicable to attorneys representing Chapter 13 debtors. *In re Holland*, 374 B.R. 409 (Bankr. D. Mass. 2007). Second, a Chapter 13 debtor has the right to employ counsel. Ordinarily that employment occurs prior to the filing of the petition, as in the case of Attorney LaRoche. Nothing in the Bankruptcy Code, however, precludes a Chapter 13 debtor from retaining successor counsel, special counsel, or even co-counsel, with the fees of such counsel, which are paid out of property of the estate, being subject to review and approval by the court. *See* Fed. R. Civ. P. 2016, M.L.B.R. 2016-1, and M.l.B.R. Appendix 1, Rule 13-7.

Moreover, as the Debtor correctly notes, the Bankruptcy Code provides for compensation of Chapter 13 debtors' attorneys in § 330(a)(4)(b). That section provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

As Judge Feeney noted in *Holland*, § 330(a)(4)(b) directs a court to focus on the welfare of the debtor, not the estate, in determining reasonable compensation. It is that standard which acts as a restraint of sorts by ensuring that Chapter 13 debtor's counsel does not run up excessive fees in pursuant of frivolous claims and it is the standard by which the work of the Debtor's general bankruptcy counsel and special counsel will be evaluated.

[remainder of page left blank]

For the foregoing reasons, the Debtor's Application to Employ Special Counsel is

ALLOWED.

Dated: August 25, 2010

_____
Melvin S. Hoffman
United States Bankruptcy Judge